# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DIVISION OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| FRANCISCO J. AGUERO, | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | A-17-CV-420-LY |
| | § | |
| CHASE BANK, N.A., et al. | § | |
|     Defendants | § | |

## ORDER ON *IN FORMA PAUPERIS* STATUS AND
## REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS

TO:     THE HONORABLE LEE YEAKEL
          UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Francisco J. Aguero's Application to Proceed *In Forma Pauperis* (Dkt. No. 2) and Motion for Notice Via Marshalls (Dkt. No. 3). The District Court referred the above motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules.

## I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing the financial information in Aguero's *in forma pauperis* motion, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Aguero *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Aguero is further advised that although he has been granted leave to proceed *in forma pauperis*, the Court may, in its discretion,

1

impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has conducted a § 1915(e) review of the claims made in Aguero's Complaint and is recommending that the claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Aguero has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995)

Pro se complaints are liberally construed in the plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable

claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Ferguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**A.     Factual Allegations and Claims**

In Aguero's complaint, he brings a litany of claims aimed at the defendants, which include:

> Official corruption, abuse of power, official oppression, official perjury, witness tampering, ex parte communication to violate my rights to a fair trial, self-representation, honest services fraud, violation of the Hobbs Act–quid pro quo, mail and wire fraud, travel act (forcing the defendandt [sic] to travel every month for 4 years to be subjected to these civil rights violations[)], intimidation–fear. Federal program theft/bribery (SSA Title IV-D) money laundering, obstruction of justice, misleading conduct by government official, malfeseance [sic] in office, multiple counts (5x) of right to trial by an impartial judge, deprivation of rights under color of law (4x), colluding, collude, collusion (4x), 18 USC § 201 A-B-1-B. ADA discrimination (disabled veteran) knowingly seizing VA disability benefits, stating in court that "doesent [sic] matter what the law says (federal) I can and will take it". Violation of the public duty doctirine [sic] (disabled veteran) and negligence on behalf of parties of United States of America and others with enforcement/oversight responsibility.

Dkt. No. 1 at 4–5. This list of claims is met with an equally long list of defendants, including:

> Chase Bank, N.A.; United States of America, HHS [Health and Human Services] (OIG), CFPB [Consumer Financial Protection Bureau] (OIG), FBI (Federal Bureau of Investigation–James Brien Comey Jr. (Official Capacity Director of FBI), FBI (SA [San Antonio] Field Office) Border Corruption Task Force Laredo and Lower Rio

Grande Jurisdiction; United States Attorney General–Jeff Sessions (As current office holder only), US Attorney's Office Laredo Texas, US Attorney's Office Dallas Texas; State of Texas, Supreme Court of Texas, Fourth Court of Appeals, Texas Office of Attorney General Child Support Division, OAG [Office of Attorney General] CSD [Child Support Division] Office Laredo Texas: Adlofo [sic] Garcia . . ., Ms. Levine Counsel OAG CSD, Ms. Garza Counsel OAG CSD Laredo TX, Bryan Christopher Banks . . ., Joseph Lee Haley . . . OAG CSD, as well as various unnamed others in TX OAG-CSD Lareo [sic] office, San Antonio Texas office and Austin TX headquarters (all as in an official and personal capacity), State Bar of Texas, Texas Judicial Review Board, Texas Department of Public Safety, Texas Rangers Division (Laredo); Webb County Texas, IV-D Court, CCL #1 [County Court of Law], CCL#2, Webb County Clerk, Webb County District Attorney's Office; Travis County Texas, District Attorney (Defunded PIU [Public Integrity Unit] Office) Current Office Holder."

Dkt. No. 1 at 1–2. Though Aguero lists a variety of claims, at the heart of this suit is Aguero's belief that a decision made by the state court in assessing and enforcing his child support payments was incorrect. Here, Aguero asserts that the court ignored federal law by collecting child support payments from income derived from his veterans disability benefits. Additionally, he alleges that the attorneys and judges involved engaged in actions during the proceedings which violated his constitutional rights. Lastly, Aguero claims that the federal defendants negligently failed to intervene in the state court proceeding, which resulted in the constitutional violations. For the reasons set forth below, the undersigned finds that Aguero's claims should be dismissed as frivolous.

B.  **Merits of Aguero's Claims**

    1.  *Federal Defendants*

First, it is clear from the complaint that there was no federal involvement whatsoever in the actions taken during the state court proceeding; nor does Aguero assert this. Rather, Aguero argues that the federal defendants were negligent for failing to intervene. Dkt. No. 1 at 5, However, this is insufficient to allege a valid claim for negligence. Aguero provides no basis for his argument that

4

any federal agency or officer had a duty to intervene. Nor can Aguero show that the federal defendants' lack of involvement caused the adverse result in the underlying proceeding. Frankly, it is baffling to the Court why Aguero has named the federal defendants, as they had absolutely nothing to do with the state court proceeding. In fact, even assuming that a federal agency or official had a duty to intervene—which the Court is *not* asserting—Aguero has failed to sue the only agency even slightly relevant to his claims, the Department of Veteran Affairs. Aguero has completely failed to state a viable claim against any of the federal defendants liable for negligence.

Moreover, the only way one may bring a tort claim against the U.S. government is to sue under the Federal Tort Claims Act (FTCA), as it is the only statute that has abrogated the United States' sovereign immunity for tort claims. *See, e.g.*, *Houston v. U.S. Postal Service*, 823 F.2d 896, 898 (5th Cir. 1987); 28 U.S.C. § 2675(a). Importantly, the FTCA requires that the "claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." *Id.* The Supreme Court has interpreted this provision to "require complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil v. United States*, 508 U.S. 106, 112 (1993). Aguero has not provided any indication that he presented any of his claims to the appropriate federal agency—if indeed one exists to address his claims—or that his claims have been finally denied in writing. As such, all claims against the federal defendants should be dismissed for failure to state a claim.[1]

---

[1] Additionally it should be noted that a number of the state defendants do not even have the capacity to be sued. *See Johnson v. Kegans*, 870 F.2d 992, 998 n.5 (5th Cir. 1989) (finding that a county district attorney's office is not a legal entity capable of suing or being sued); *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (same for state and local police departments); *Williams v. Texas Criminal Dist. Court No. 3*, No. 4:14-CV-863-A, 2014 WL 7398947, at *1 n.1 (N.D. Tex. Dec. 30, 2014) (same for county courts).

## 2. Relief from State Court Judgment

Next, Aguero challenges the decision of the state court in its child support enforcement proceedings. First, Aguero argues that the state court(s) unlawfully seized his veteran's disability payments by including this amount in the determination of his income, and that he is therefore entitled to recover the seized payments.

The Court has no jurisdiction to review a state court child support enforcement order. As the Fifth Circuit has explained:

> The Supreme Court has definitively established, in what has become known as the *Rooker–Feldman* doctrine, that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. If a state court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for writ of certiorari to the United States Supreme Court.

*Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (internal quotations and footnotes omitted). Federal courts frequently apply the doctrine to bar federal jurisdiction over family law matters such as child support and divorce proceedings. *See, e.g.*, *Gorzelanczyk v. Baldassone*, 29 F. App'x 402, 403–04 (7th Cir. 2002) (finding suit challenging contempt order enforcing child support order barred by *Rooker–Feldman*); *Laskowski v. Attorney Gen. of Tex.*, 2006 WL 2479101, at *2 (S.D. Tex. Aug.25, 2006) (finding suit challenging child support arrearages barred by *Rooker-Feldman*). Aguero is attempting to challenge the state court's order regarding his child support payments. Consequently, under the *Rooker–Feldman* doctrine, this Court lacks jurisdiction to entertain Aguero's claim with regard to any final orders of the state court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (stating the *Rooker–Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before

the district court proceedings commenced and invoking district court review and rejection of those judgments").

Further, Aguero attempts to collaterally attack the judgment based on various civil rights complaints  Here, he alleges a number of instances of alleged misconduct by the attorneys and the judges involved in the proceedings. For example, Aguero states that the judges and assistant attorneys general frequently engaged in ex parte communication regarding his case and that one judge indicated bias towards the state attorneys. Dkt. No. 1 at 7–8. As evidence of this bias, Aguero argues that he was required to produce pay stubs for the past seventeen years, rather than merely two years, and that when Aguero asked for proof to contradict his produced pay stubs, the judge stated "that's what he (OAG) is saying so it stands." *Id.* at 7. He also claims that the suits were alternatively drawn out, resulting in extended travel as he was forced to return to the court on multiple occasions (*Id.*), or rushed, resulting in his inability to bring witnesses or have various motions decided (*Id.* at 8, 12–13).

Though Aguero requests money damages, he is in fact asking this Court to return the property seized from him, in effect invalidating the state court judgment. As discussed above, this request would be barred by the *Rooker-Feldman* doctrine as claims that are "inextricably intertwined" with the state court decision are also barred. *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994). "The casting of a complaint in the form of a civil rights action cannot circumvent this rule." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994); *see also Turner v. Chase*, 334 F. App'x 657 (5th Cir. 2009) (affirming the district court dismissal of an action which sought to challenge state court divorce proceedings on the basis of various constitutional and civil rights deprivations). Even were Aguero's claims sufficient to allege due process violations, the proper vehicle to address this

7

issue would be to file state court appeals—which Aguero has done. If, after appeals through the state court system, Aguero was still unhappy with the result, his final opportunity is through an appeal to the United States Supreme Court; no other federal court has jurisdiction to review the state court's actions. *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986) ("litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits"). Thus, Aguero's claims should be dismissed for lack of subject matter jurisdiction.

In addition, this case is also subject to dismissal under the domestic relations exception to federal jurisdiction. Under the domestic relations exception, federal courts have traditionally refused to adjudicate cases involving marital status or child custody issues. *Rykers v. Alford,* 832 F.2d 895, 899 (5th Cir. 1987). This is because (1) state courts have greater expertise and interest in domestic matters; (2) such disputes often require ongoing supervision, a task for which the federal courts are not suited; (3) piecemeal adjudication of such disputes increases the chance of different court systems handing down incompatible decrees; and (4) such cases serve no particular federal interest, while crowding the federal court docket. *Id.* at 899-900. "If the federal court must determine which parent should receive custody, what rights the noncustodial parent should have, how much child support should be paid and under what conditions, or whether a previous court's determination on these matters should be modified, then the court should dismiss the case." *Id.* at 900.

### III. ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Aguero *in forma pauperis* status (Dkt. No. 2). Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. The undersigned **FURTHER RECOMMENDS** that, pursuant to 28 U.S.C. § 1915(e)(2)(B), the District Court **DISMISS**

8

Aguero's claims for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted. Finally the Court **DENIES AS MOOT** Aguero's Motion for Notice Via Marshalls (Dkt. No. 3).

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-1429 (5th Cir. 1996) (en banc).

SIGNED this 2nd day of June, 2017.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE